UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN HAWKINS,

            Plaintiff,          CIV S-02-1391 GEB PAN PS

     v.

KACI DAVIS, individually and in    FINDINGS AND RECOMMENDATIONS
her official capacity as Hasting
Park Assistant Manager, DANIELLE
M. BOOKER, individually and in her
official capacity as Hasting Park
Manager, HASTING PARK/F.P.I.
MANAGEMENT, individually and in
their official capacity as a
Business entity in Public Housing,

            Defendants.

—oOo—

    June 26, 2002, the court granted plaintiff's application for leave to proceed in forma pauperis and dismissed his complaint with leave to amend within 15 days. Within the time allowed plaintiff sought an extension of time to amend and on July 15 timely filed a first amended complaint. After it

1  appeared no defendant had been served with process, on January
2  22, 2003, the court instructed plaintiff that he must provide the
3  U.S. Marshal with instructions for service of process upon
4  defendants within 20 days and warned that if he did not his
5  action might be dismissed.  Plaintiff failed to comply by the
6  deadline.  The Marshal filed return of service on July 2, 2003,
7  and on July 22, 2003, defendants moved to dismiss for
8  insufficiency of service of process.  On January 29, 2004, this
9  court found that plaintiff had violated the court's order but
10 nonetheless found he should be allowed to proceed.  June 4, 2004,
11 Judge Burrell adopted that recommendation and required the
12 parties submit a joint status report.  July 19, 2004, plaintiff
13 complained defendants had refused to meet with him.  August 17,
14 nothing having been received after two months, this court ordered
15 a joint status report within 15 days, specified the required
16 content, and warned that sanctions might be imposed for failure
17 to comply. September 1, defendants filed a status report with
18 declarations that plaintiff had refused to cooperate in preparing
19 a joint report.  Plaintiff never complied with the August 17
20 order.  September 27, 2004, the court made a scheduling order
21 requiring discovery be completed by March 25, 2005.  October 18,
22 plaintiff objected to the scheduling order and requested the
23 deadline for initial disclosures be extended.  November 1, 2004,
24 the court extended plaintiff's request to extend the deadline for
25 initial disclosures until December 3, 2004.
26          March 15, 2005, defendants moved to dismiss for

plaintiff's failure to prosecute his action. Defendants allege that, in addition to his previous defaults, plaintiff never provided initial disclosures and failed to appear at his deposition pursuant to due notice. The motion is supported by the declaration of Marjorie Manning, attorney for Hasting Park Apartments, concerning attempts to prepare a joint status report and to obtain plaintiff's testimony at deposition.

According to Ms. Manning, on August 19, 2004, she mailed a proposed report to plaintiff via federal express but he did not respond at all. On August 26, Ms. Manning telephoned plaintiff; he refused to cooperate in preparing a report, demanded money and hung up. On December 13, she wrote to remind plaintiff his disclosures were overdue but again received no reply. Defendants duly noticed plaintiff's deposition on December 28, 2004. Plaintiff refused to attend that day but offered alternative dates and Ms. Manning selected one and rescheduled the deposition for February 10, 2005. Meanwhile, January 31, Ms. Manning again wrote asking for plaintiff's disclosures but received no reply. On February 10, Ms. Manning appeared for plaintiff's deposition but he did not. Plaintiff's deposition was again rescheduled, this time for March 11, days before the deadline for completing discovery, but plaintiff objected on the ground he had a hearing on a motion in bankruptcy court that day. Ms. Manning offered to move the deposition to the afternoon but plaintiff declined.

Plaintiff has filed seven oppositions to defendants' motion, all untimely and none authorized by rules of court. In

the first, filed out of time on April 11, plaintiff opposes upon the ground he had no disclosures to make (viz., no witnesses, no documents, no damages calculation) and that he told defendants' he could not attend his scheduled deposition because he was preparing for a hearing in bankruptcy court and that defendants agreed to reschedule his testimony.  He claimed he was entitled to punitive sanctions from defendants.  Plaintiff's opposition is belied by the record and rejected on the ground it is incomplete and untrue.  Plaintiff requested the court to extend his deadline for making disclosures and now will not be heard to say he had none to make and did not know he had any obligation to reply to defendants' letters of inquiry.  Likewise, his explanation for failing to give his testimony to defendants at deposition omits much with apparent intent to deceive.

   The factors governing exercise of the court's discretion to dismiss an action for a plaintiff's failure to prosecute or comply with the court's rules and orders were set out at length in this court's January 29, 2004, recommendation (to forgive plaintiff's default in timely serving process and allow him to proceed).  The recommendation was generous; it fully alerted plaintiff to the factors the court would consider in hearing a request for dismissal and warned him that future defaults may result in dismissal of his action.  Plaintiff entirely ignored the warning and now all considerations point to dismissal as the only just remedy as there certainly are no grounds for further extending plaintiff's deadlines.

1  Accordingly, I recommend this action be dismissed.

2  These findings and recommendations are submitted to the
3 Honorable Garland E. Burrell, Jr., the United States District
4 Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written
5 objections may be filed within ten days after being served with
6 these findings and recommendations.  The document should be
7 captioned "Objections to Magistrate Judge's Findings and
8 Recommendations."  The failure to file objections within the
9 specified time may waive the right to appeal the District Court's
10 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  April 20, 2005.

            <u>/s/ Peter A. Nowinski</u>
            PETER A. NOWINSKI
            Magistrate Judge